UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CAUDILL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 06-108-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| EARL WHITAKER, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Gordon Asher's motion to dismiss. [Record No. 6] During briefing of this motion, Plaintiff Christopher Caudill filed an Amended Complaint [Record No. 8] without seeking leave of Court, even though two Answers had already been filed. [Record No. 3, 4] However, the Plaintiff later filed a motion for leave to file the amended pleading. [Record No. 11] Having reviewed the materials filed by the parties, the Court will grant leave to file the Amended Complaint and deny Defendant Asher's motion to dismiss.

**I.   BACKGROUND**

On March 20, 2005, while Plaintiff Caudill was stopped at a roadside store in Leslie County, Kentucky, he encountered James North. North left in his truck after the two exchanged words. Sometime later, Caudill also left the store and began driving home. However, before arriving home, Caudill observed North standing beside his vehicle, allegedly aiming a shotgun at him. Caudill claims that North fired the weapon, hitting Caudill. Caudill alleges that he returned fire with his own shotgun, hitting North. Following the exchange of gun fire, Caudill apparently continued driving to his home in Perry County.

Before arriving home, Caudill noticed one or more law enforcement vehicles pull up behind him with their police lights on. He did not pull over, but continued driving to his house which was approximately one-half mile away. Upon reaching his home, Caudill claims that he exited his vehicle empty-handed and advised the officers that North had fired at him first. Caudill claims that as he was walking toward Officers Earl Whitaker and James Williams, Williams allegedly "maced" him without provocation. Caudill asserts that he fell to the ground and that Whitaker and Williams began striking him on the head and face. Although he was subsequently handcuffed, Caudill alleges that Williams and Whitaker continued to beat him. During this time, he states that Deputy Gordon Asher and several John Does were watching but did not intervene.

## II.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a complaint if it fails to state a claim upon which relief can be granted. However, a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). Further, the complaint must be construed liberally in the plaintiff's favor. The Court must "accept as true all factual allegations and permissible inferences therein." *Lillard*, 76 F.3d at 724 (quoting *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994)).

While a complaint need not specify every detail of a plaintiff's claim, it must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Gazette*, 41 F.3d at 1064. Although liberal, this standard of review does require more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation

omitted). A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2000) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

### III.  ANALYSIS

#### A.  Amended Complaint

As a part of his Response to Asher's motion to dismiss, the Plaintiff filed an Amended Complaint, which identifies Asher as a Leslie County Deputy Sheriff, rather than a Hyden police officer. [Record No. 8] Initially, the Plaintiff did not seek leave of the Court to amend, arguing that Asher's motion to dismiss was not a responsive pleading within the meaning of Fed. R. Civ. Pro. 15(a). *Id.*, *citing Youn v. Track, Inc.*, 324 F.3d 409, 415 (6th Cir. 2003). However, on April 26, 2006, the Plaintiff sought leave to amend. [Record No. 11][1] Because Rule 15(a) requires that leave to amend should be freely granted, the Plaintiff's motion will be granted and the Clerk will be directed to file the Amended Complaint. The Defendants may respond to this pleading within the time permitted by the Federal Rules of Civil Procedure, commencing on the entry of this Order.

#### B.  Defendant Asher's Motion to Dismiss

Defendant Asher argues that the Plaintiff's claim that he "stood by and did noting" while in a county that did not employ him does not state a claim under §1983. [Record No. 10, pg. 3] He relies upon *Doe v. Claiborne County*, 103 F.3d 495 (6th Cir. 1996), in support of this contention.

---

[1] Two other defendants in the case, Whitaker and William, have filed Answers to plaintiff's original Complaint. [Record No. 10, pg. 1] Pursuant to Fed. R. Civ. Pro 7(a), an Answer is a responsive pleading for purposes of Rule 15(a). *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005). Due to the liberal standard employed under Rule 15(a) and to avoid unnecessary expense being incurred, the Court will not require that the Defendants respond to the motion to amend.

According to Asher, *Claiborne County* holds that "'a person does not act under color of state law solely by virtue of [his] relationship to the state,' instead, liability depends on the nature of his conduct." *Id.* at 512 (internal citations omitted). Asher seems to be suggesting that he cannot be liable under §1983 for failing to take action. However, the court in *Claiborne County* noted that a failure to act might sometimes trigger liability on the part of the state officer:

> Because section 1983 has a "color of law" requirement, a board member can be held liable only if state law, whether provided by statute or judicially implied, empowers him with some legal obligation to act. *See Rains County*, 66 F.3d at 1411. A "duty" under "color of law" must be a distinct element of a section 1983 case alleging a "failure to act." That is, a plaintiff must show that an individual defendant failed to act under color of law. *See id.* If state law does not impose a duty to take action, "there is no conduit through which an exercise of state power can be said to have caused the constitutional injury." *Id.* at 1416.

*Claiborne County*, 103 F.3d at 512, *citing Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1411-16 (5th Cir. 1995).

Although *Claiborne County* refers to a member of the school board, its logic would be applicable to a police officer. Because all allegations in the Complaint are taken as true at this stage of the proceedings, Asher would have to show that neither state nor federal law contains any duty for an on-duty police officer to prevent/halt an illegal assault by other law enforcement officials. However, at this time, he has not offered any authority for this argument.

### IV.  CONCLUSION

Accordingly, for the reasons discussed herein, it is **ORDERED** as follows:

(1)  Plaintiff Caudill's Motion for Leave to Amend Complaint is **GRANTED**. [Record No. 11]

(2)  Defendant Asher's Motion to Dismiss is **DENIED**. [Record No. 6]

This 27th day of April, 2006.



Signed By:

*Danny C. Reeves* DCR

United States District Judge